CHARLA R. DUKE, ESQ. SBN# 095518
LAW OFFICES OF CHARLA R. DUKE
299 Third Street, Suite 201
Oakland, California 94607
Telephone (510) 839-5453
Fax (510) 839-0343
Attorney for Plaintiff
MONROE QUINN

ORIGINAL
FILED

FEB - 1 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADR

C 02 0580 RMW

| | |
|---|---|
| MONROE QUINN, | Case No.: |
| Plaintiff, | Civil Rights |
| vs. | COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DISCRIMINATION AGAINST PERSONS WITH DISABILITIES; AMERICANS WITH DISABILITIES ACT OF 1990; CAL. CIVIL CODE §§ 54, ET SEQ.; CAL. CIVIL CODE §§51, ET SEQ.; CAL. HEALTH AND SAFETY CODE §§19955, ET SEQ.; CAL BUS. & PROF. CODE §17200. ET SEQ.; NEGLIGENCE; DECLARATORY RELIEF; DAMAGES |
| COMERICA, 1245 S. WINCHESTER BLVD., SAN JOSE, CA., and DOES 1-50 Inclusive, | |
| Defendants. | |
| | DEMAND FOR A JURY TRIAL |

**INTRODUCTION**

1.    Plaintiff complains of Defendants herein and alleges that:

Plaintiff MONROE QUINN complains of Defendants COMERICA, (Hereinafter, collectively referred to as "BANK"), and does 1-50, Inclusive, and each of them and alleges as follows:

QUINN V. COMERICA SAN JOSE                         1

1

**JURISDICTION**

2      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections

3   1343(a) (3) and 1343 (a) (4) for claims arising under the Americans With Disabilities Act of

4   1990, 42 U.S.C. sections 12101, et. seq.  Plaintiff's cause of action across in this district, Under

5   this doctrine of pendant and supplemental jurisdiction, this Court has jurisdiction over Plaintiff's

6   claims existing under California State law.

7

**VENUE**

8   2.      Pursuant to 28 U.S.C. sections 1391 (b), venue is proper in the District in which this

9   Complaint is filed, which is the judicial district in which the claim has arisen.  COMERICA is a

10   corporation doing business in California.

11   3.      MONROE QUINN, is a physically disabled person who uses a wheelchair for mobility.

12   The bank is located at 1245 S. WINCHESTER BLVD., SAN JOSE, CA..  When Plaintiff

13   MONROE QUINN attempted to patronize this BANK, PLAINTIFF found that the BANK's

14   counters were not accessible and usable by disabled persons as required under California law.

15   Access to the BANK's facilities is also denied due to the BANK'S, failure to remove barriers to

16   access as required by the Americans with Disabilities Act of 1990 (hereinafter "ADA").  This

17   lawsuit is brought to require the BANK to modify its facilities, including the teller counters and

18   writing tables, and so as to provide to all disabled persons the accessible facilities to which they

19   are entitled under state and federal law.

20

**FIRST CAUSE OF ACTION:**

21   **BREACH OF STATUTORY PROTECTION FOR PHYSICALLY DISABLED PERSONS**

22   4.      Plaintiff MONROE QUINN is a "physically handicapped" or physically disabled person

23   who was denied his rights to "full and equal access" to a public facility by Defendants, and  each

24   of them, because they maintained and continue to operate public facilities which do not provide

25   proper access for physically disabled persons as required by law. These access deficiencies

26   include but are not limited to: **1) TELLER COUNTERS:** the height of the teller counter is

27   approximately 40-1/2 inches above the finished floor, which exceeds the maximum allowed by

28   the code, by 6-1/2 inches. **CODE VIOLATION:** The tops of tables and counters shall be 28

1   inches to 34 inches from the floor or ground. (CBC 122B.4) **2) WRITING TABLES:** the

2   writing table is approximately 42 inches above the finished floor, which exceeds the maximum

3   height by code by 8 inches. **CODE VIOLATION:** The tops of tables and counters shall be 28

4   inches to 34 inches from floor to ground (CBC 1112B.4). Further, on information and belief,

5   there is inadequate access to safe deposit boxes.   By this lawsuit, Plaintiff seeks damages for the

6   violation of his Civil Rights, and Plaintiff also requests that this Court grant injunctive relief,

7   requiring the Defendants to comply with both California and United States laws requiring access

8   to the Bank and its facilities for physically disabled persons so long as Defendants operate the

9   premises as a public facility.

10   5.      Plaintiff and other physically disabled persons are unable to use public facilities such as

11   those owned and operated by Defendants on a "full and equal" basis unless such facility is in

12   compliance with the provisions of the ADA.  Plaintiff is a member of that portion of the public

13   whose rights are protected by the provisions of ADA . The acts and omissions of the Defendants

14   complained of herein were committed in the City of SAN JOSE, State of California.

15   6.      Plaintiff MONROE QUINN is a "person with disabilities," or a physically handicapped

16   person, who requires use of a wheelchair for mobility.  Hereinafter, the words "physically

17   disabled" and "physically handicapped" are used interchangeably as these words have similar or

18   identical common usage and legal meaning. However, the legislative scheme in Part 5.5 of the

19   Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil

20   Rights Act, California Civil Code §§51 and 52, and the Disabled Persons Act, §§54, 54.1, 54.3

21   and 55, and other statutory measures refer to protection of the rights of "physically disabled

22   persons" and of "individuals with a disability."

23   7.      Defendants BANK and DOES 1-50, Inclusive, are the owners and operators, lessors

24   and/or lessees of the BANK, a public facility located at 1245 S. WINCHESTER BLVD., County

25   of SAN JOSE, State of California. This building is a "public accommodation or facility" subject

26   to the requirements of the Americans With Disabilities Act of 1990 and California Civil Code

27   §§51, 54, 54.1 et seq. Plaintiff does not know the true names, capacities, and responsibilities

28   regarding the subject premises of the Defendants sued herein as DOES 1-50, and therefore sues

1  DOES 1-50, and therefore sues them under such fictitious names. On information and belief,

2  such Defendants are corporations and natural persons whose residences are in state of California.

3  Plaintiff is informed and believes that all such Defendants have had and continue to have some

4  form of control or legal responsibility for the maintenance ownership and/or operation of the

5  BANK during periods of time relevant to this Complaint. After appropriate discovery, Plaintiff

6  will seek leave of the Court to amend this Complaint to identify said DOES when such

7  Defendants' true names, capacities, and responsibilities have been ascertained.

8  8.     Plaintiff is informed and believes that each of the Defendants herein is the agent,

9  employee, alter ego or representative of each of the other Defendants, and performed all acts and

10  omissions stated herein within the scope of such agency or employment or representative or alter

11  ego capacity, and is responsible in some manner for the acts and omissions of the other

12  Defendants in proximately causing the damage complained of herein. Further, all acts and

13  omissions of each such Defendant were done as part of a joint venture and common enterprise

14  among all Defendants, for which they are all jointly and severally liable.

15  9.     Plaintiff MONROE QUINN was and is all times relative to this Complaint, a physically

16  disabled person as defined for purposes of protections of the §§54ff, Civil Code, the Disabled

17  Rights Acts, and the protections of Part 5.5 of the Health & Safety Code: "Access to Physically

18  Handicapped Persons."  Plaintiff MONROE QUINN, is physically disabled and often requires

19  the use of a wheelchair; he cannot climb stairs, climb curbs, or enter narrow doorways in his

20  wheelchair because of his disability, and needs use of the other protections required by law for

21  the protection of disabled persons.

22  10.    Public BANKs and "saving BANKs" such as COMERICA, are public accommodations

23  and facilities within the meaning of Americans with Disabilities Act of 1990.

24  11.    Within the past year, Plaintiff MONROE QUINN came to the BANK in his wheelchair

25  on more than one occasion, for business purposes, with the intention of inquiring about a

26  checking account. Plaintiff found the BANK provides inadequate access to people with

27  disabilities, including, intern alia: inaccessible service counters. These barriers make it

28  impossible for persons with mobility disabilities, such as Plaintiff, to access the SUBJECT

QUINN V. COMERICA SAN JOSE          4

FACILITY without assistance.

12. Despite Plaintiff making repeated Complaints and afterwards to managers and assistant managers at the BANK with regard to access problems, Defendants took no action to rectify the inaccessible conditions. Defendants have known that COMERICA, violated disability accesses requirements and standards and refuses to rectify the violations. It is clear that failure to act constitutes violations of the ADA.

13. On information and belief, inside the BANK, Plaintiff will be unable to deal directly with any of the BANK's tellers as none of the teller windows were configured with the legally required lowered counter level. On inquiry of the teller, Plaintiff was told that there were no lowered counters, nor were other accessible accommodations available for Plaintiff's use as a wheelchair user.

14. The BANK did not display signs at any door or anywhere on the premises designating any accessible accommodations for use by physically disabled persons.

15. On information and belief, to the date of filing of this Complaint, on or about January 2, 2002, there are still no accessible features at this BANK in each of the respects complained of hereinabove.

16. As the result of his negative experiences upon patronizing the BANK described hereinabove, Plaintiff MONROE QUINN suffered violations of his Civil Rights and of his statutory rights as a disabled person to full and equal access to public facilities and further suffered physical, mental and emotional pain, and suffered embarrassment, humiliation and emotional distress, all to his damages as hereinafter prayed.

17. Plaintiff MONROE QUINN is informed and believes and therefore alleges that Defendants and each of them caused the subject building and BANK to be constructed, altered and maintained in such a manner that physically disabled persons were denied full and equal access to, within and throughout said building, and full and equal use of said public facilities.

18. Further, on information and belief, Defendants and each of the facilities in such conditions up to the present time, despite actual and constructive notice to such Defendants, and each of them, that the configuration of the building was in violation of the Civil Rights of handicapped persons,

1   such as Plaintiff MONROE QUINN. Such construction, modification, ownership, operation,

2   maintenance and practices of such a public facility is in violation of law as stated in Americans

3   With Disabilities Act of 1990.

4   18.    On information and belief, the subject BANK and DOES 1-50 denied full and equal

5   access to disabled persons in other respects due to non-compliance with requirements of the

6   Americans with Disabilities Act of 1990.

7   19.    General Damage - As a result of the refusal by Defendants and each of them to comply

8   with statutory requirements or otherwise provide reasonable access for disabled persons to the

9   subject BANK. MONROE QUINN was denied his rights to full and equal access to and use of

10  public facilities and was discriminated against on the sole basis that he was physically disabled

11  and used a wheelchair, and was unable to independently access the teller counters at the subject

12  BANK or use on a "full and equal" basis the other inaccessible facilities as specified

13  hereinabove.  Denial of full and equal access to Plaintiff MONROE QUINN also embarrassed

14  and humiliated Plaintiff. Defendants' acts have caused Plaintiff physical and psychological pain,

15  discomfort, suffering, emotional distress and general and statutory damages.

16  20.    Attorneys' Fees - As a result of Defendants' acts and omissions as hereinabove described,

17  Plaintiff has been required to incur legal costs and litigation expenses and hire an attorney in

18  order to enforce Plaintiff's right and enforce provision of the law protecting access for the

19  disabled and prohibiting discrimination against the disabled, and to take such action both in his

20  own interest and in order to enforce an important right affecting the public interest. Plaintiff

21  therefore seeks recovery in this lawsuit for all attorney's fees, litigation expenses and costs

22  incurred, pursuant to the provisions of §1021.5 of the Code of Civil Procedure. Plaintiff

23  additionally seeks attorney's fees pursuant to §§54.3 and 55 of the Civil Code.

24  21.    Punitive Damage - Defendants at all times relevant to this Complaint, and continuing to

25  the present time, knew that disabled persons were denied their rights of full and equal access to

26  major portions of the public facility. Despite such knowledge, Defendants failed and refused to

27  take steps to comply with the applicable access statutes; and despite knowledge of the resulting

28  problems and denial of Civil Rights thereby suffered by Plaintiff MONROE QUINN and other

1   similarly disabled persons. Defendant's have failed and refused to take action to grant full and

2   equal access to disabled persons in the respects complained of hereinabove. Such actions and

3   continuing course of conduct by Defendants, evidence despicable conduct in conscious disregard

4   for the rights of Plaintiff and other disabled persons, justifying an award of exemplary and

5   punitive damages pursuant to §3294 Civil Code.

6   22.   Plaintiff is further informed and believes that prior to each of his visits to the BANK,

7   Defendants, and each of them, have been notified that other disabled persons have suffered

8   similar denials of full and equal access, as herein complained of.  Further, although Plaintiff

9   personally complained to the BANK's managerial staff at the time of his visit about the lack of

10  disabled access and the effect such lack of access had upon disabled persons, and despite the

11  BANK's managerial staff being informed of such effect on disabled persons and the manner in

12  which their practices and lack of acceptable facilities and amenities, said Defendants have

13  continued such practices, in conscious disregard for the rights of physically disabled persons up

14  to the date of the filing of this Complaint, on or about JANUARY 2, 2002.  Said conduct, with

15  knowledge of the effect it was and is having on physically disabled persons, constitutes

16  despicable conduct in conscious disregard of the rights of Plaintiff and of other similarly situated

17  disabled persons, justifying the imposition of punitive and exemplary damages per the standards

18  of §3294 Civil Code.

19  23.   Defendants' actions have also been oppressive to physically disabled members of the

20  public, and have evidenced actual or implied malicious intent toward those members of the

21  public such as Plaintiff and other physically disabled persons who have been denied the proper

22  access they are entitled to by law. Further Defendants' refusals on a day-to-day basis to correct

23  these problems evidence despicable conduct in conscious disregard of the rights of Plaintiff

24  MONROE QUINN and of other physically disabled members of the public.

25  24.   Plaintiff prays for an award of punitive damages against Defendants and each of them

26  pursuant to §3294 of the Civil Code in amounts sufficient to make a profound example of

27  Defendants and discourage owners and operators of other public facilities from willful disregard

28  for the rights of the disabled. Plaintiff does not know the financial worth of Defendants, or the

1  amount of punitive damages sufficient to accomplish the public purposed of §3294 of the Civil

2  Code and seeks leave to amend this Complaint in this respect when such facts are known.

3  25.    The acts and omissions of Defendants as complained of continue on a day-to-day basis to

4  have the effect of allowing Defendants to willfully and wrongfully exclude Plaintiff and other

5  members of the public who are physically disabled from full and equal access to the BANK and

6  its facilities and amenities. Such acts and omissions are the direct cause of humiliation and

7  mental and emotional suffering to Plaintiff in that these actions treat Plaintiff as an inferior and

8  second class citizen and serve to discriminate against him on the sole basis that he is physically

9  disabled and unable to use and have access to public facilities of the Defendants on an equal

10  basis to that available to other persons, so long as the facilities fail to provide proper and legally

11  required access for disabled persons. On information and belief, Plaintiff also continues to be

12  denied full and equal access to use of BANK's other facilities. Said acts have proximately caused

13  and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

14  26.    WHEREFORE, Plaintiff asks this Court to enjoin any continuing refusal by Defendants

15  to grant such access to Plaintiff and to enjoin operation of the BANK as a public facility and

16  public place of business until Defendants comply with all applicable statutory requirements

17  relating to access to the handicapped, and that the Court award statutory attorneys' fees, litigation

18  expenses and costs pursuant to Civil Code §55 and Code of Civil Procedure §1021.5 and as

19  further herein prayed for.

20          WHEREFORE, Plaintiff prays for damages as hereinafter stated.

21                          **SECOND CAUSE OF ACTION:**

22                  **VIOLATION OF DISABLED PERSONS ACT**

23                  **CIVIL CODE §§54, 54.1, 54.3 ET SEQ,**

24      **DENIAL OF EQUAL ACCESS TO PHYSICALLY DISABLED PERSONS**

25  27.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the

26  factual allegations contained in paragraphs 1 through 26 of this Complaint and incorporates them

27  herein as if separately replead.

28  28.    At all times relevant to this action, California Civil Code §54.1 has provided that

1   physically disabled persons are not to be discriminated against because of physical handicap or

2   disability. This section provides that:

3       ....physically disabled persons shall be entitled to full and equal access, as other members
    of the general public, to accommodations, advantages, airplanes, motor vehicles,... or any other

4       public conveyance or modes of transportation, telephone facilities, hotels, lodging places, places
    of public accommodation and amusement or resort, and other places to which the general public

5       is invited, subject only to state or federal regulations, and applicable alike to all other persons.

6

7   29.     California Civil Code §54.3 provides that any person or corporation who denies or

8   interferes with admittance to, or enjoyment of the public facilities as specified in §54 and §54.1

9   is liable of EACH such offense for the actual damages and any amount up to a maximum of

10   these times the amount of actual damages, but in no case less than $1,000.00 and such attorneys'

11   fees that may be determined by the Court in addition thereto, suffered by any person denied any

12   of the rights provided in §54 and §54.1, for services necessary to enforce those rights.

13   29.     Plaintiff is a person within the meaning of Civil Code §54 and §54.1 whose rights have

14   been infringed upon and violated by the Defendants as prescribed by §54.1. A separate act in

15   violation of §54.1 has been committed EACH DAY that Defendants knowingly and willfully fail

16   and refuse to provide full and equal access for physically disabled persons to the BANK.

17   Plaintiff has been denied full and equal access on a daily and ongoing basis since filing the

18   Complaint.

19   30.     Further, any violation of the Americans With Disabilities Act of 1990, (as plead in the

20   Third Cause of Action hereinbelow, the contents of which are replead and incorporated herein,

21   word for word, as if separately replead), also constitutes a violation of §§54 and 54.1 (d)

22   California Civil Code, thus independently justifying an award of damages and injunctive relief

23   pursuant to California law.

24   31.     Plaintiff has been damaged by Defendants' wrongful conduct and seeks the relief that is

25   afforded by §§54.1, 54.3 and 55 of the Civil Code. Plaintiff seeks actual damages, treble

26   damages, punitive damages, preliminary and injunctive relief to enjoin and eliminate the

27   discriminatory practices of Defendants disrespecting disabled persons, and for reasonable

28   attorneys' fees, litigation expenses and costs.

32.     The act and omission of Defendants as complained of continue on a day-to-day basis to have the effect of allowing Defendants to willfully and wrongfully exclude Plaintiff and other members of the public who are physically disabled from full and equal access to the BANK and its facilities and amenities. Such acts and omissions are the direct cause of humiliation and mental and emotional suffering to Plaintiff and that these actions treat Plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is physically disabled and unable to use and have access to public facilities of the Defendants on an equal basis to that available to other persons, so long as the facilities fail to provide proper and legally required access for disabled persons. Said acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

33.     WHEREFORE, Plaintiff asks this Court to enjoin any continuing refusal by Defendants to grant such access to Plaintiff and to enjoin operation of the BANK as a public facility and public place of business until Defendants comply with all applicable statutory requirements related to access to the handicapped, and that the Court award statutory attorneys' fees, litigation expenses and costs pursuant to Civil Code §55 and Code of Civil Procedure §1021.5 and as further herein prayed for.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

## THIRD CAUSE OF ACTION:

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

### 42 USC §12101FF

34.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 33 of this Complaint and incorporates them herein as if separately replead.

35.     Pursuant to law in 1990, the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities" and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social

problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities of which our free society is justifiably famous."

36.     Congress stated as its purpose in passing the Americans with Disabilities (42 USC §12101 (B)):

(1)     It is the purpose of this act to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

37.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336, (hereafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among the Public accommodations identified for purposes of this title was a "BANK." (§301(7)(F)).

38.     Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

39.     Although the specific prohibitions against discrimination were included, in §302(b)(2)(a)(iv), "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;" and (v) "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are "readily achievable." The acts of Defendants set forth herein are a violation of Plaintiff's rights under the "ADA,"

1    Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff. The

2    standards of the ADA are also incorporated into §§54.3 and 55 of the Civil Code.

3    40.      The removal of each of the barriers complained of by Plaintiff MONROE QUINN as

4    hereinabove alleged was at all time after January 26, 1992 "readily achievable." As noted

5    hereinabove, removal of each of the architectural barriers complained of were already required

6    under existing California law. Further, at all times since January 26, 1992, modification of or

7    removal of each of the above described individual barriers was "readily achievable" under the

8    factors specified in §301(9) of the Americans with Disabilities Act and regulations adopted

9    pursuant to that section.  On information and belief, Defendants failed to "address" any of these

10   problems, even after MONROE QUINN'S difficulties in obtaining access were made clear to

11   Defendants and their agents.

12   41.      Per §301(9), 42 USC 12181, the term "readily achievable" means "easily accomplished

13   and able to be carried out without much difficulty or expense."  Plaintiff alleges that each of the

14   items that Plaintiff has complained about hereinabove was and is "readily achievable" by the

15   Defendants under the standards set forth under §301(9) of the Americans with Disabilities Act at

16   all times since January 26, 1992.  Further, if it was not "readily achievable" for Defendants to

17   remove each of such barriers, Defendants have failed to make the required services available

18   through alternative methods, which were readily achievable.

19   42.      Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is

20   entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42

21   USC 2000(a) –3(a), as Plaintiff is being subjected to discrimination on the basis of disability in

22   violation of this title or has reasonable grounds for believing that he is about to be subjected to

23   discrimination in violation of §302. Further, each violation of the ADA which Plaintiff alleges is

24   occurring on a daily, continuing and ongoing basis, also constitutes a violation of §§54(c) and

25   §54.1(d) California Civil Code, further entitling Plaintiff to the rights and remedies of §54.3

26   Civil Code, including damages and attorneys' fees and costs, and injunctive relief per §55 Civil

27   Code.

28   43.      Per §308 (a) (1) (42 USC 12188), "Nothing in this section shall require a person with a

1   disability to engage in a futile gesture if such person has actually noticed that a person or

2   organization covered by this title does not intend to comply with its provisions." Pursuant to this

3   last section, Plaintiff, on information and belief, alleges that Defendants have continued to

4   violate the law and deny the rights of Plaintiff and of other disabled persons to access this public

5   accommodation. Pursuant to §308 (b)(2)(A)(iv) ... injunctive relief shall include an order to alter

6   facilities to make such facilities readily accessible to and usable by individuals with disabilities

7   to the extent required by this title." Plaintiff seeks such injunctive relief.

8   44.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of

9   1964, (42 USC 2000 (a) –3(a), and pursuant to Federal Regulations adopted to implement the

10   Americans with Disabilities Act of 1990.

11          WHEREFORE, Plaintiff prays that this Court grant relief and damages as follows:

## FOURTH CAUSE OF ACTION

### (UNFAIR BUSINESS PRACTICE-INJUNCTIVE RELIEF ONLY;

### Cal. Bus. & Prof. Code Section 17200, et seq.)

15   45.    Plaintiff incorporates by reference herein the allegations in paragraphs 1-44, inclusive.

16   46.    Defendant's conduct, as alleged, is part of a general business practice by Defendants.

17   Defendant has made a considered decision to promote profit at the expense of Defendant's legal

18   obligations to patrons with disabilities.

19   47.    Defendant's policies and practices constitute an unfair business practice within the

20   meaning of California Business and Professions Code Sections 17200, et. seq., in that inter alia,

21   Defendants appeals to, advertisers to, and purports to serve persons with disabilities, yet

22   Defendant's facility is inaccessible and illegal, in violation of public policy.

23   48.    Plaintiff is entitled to an injunction restraining Defendants from engaging in any or

24   omission, the effect of which is to cause, directly or indirectly, discrimination by Defendants

25   against person with disabilities.

26   49.    Plaintiff is also entitled to attorneys' fees and costs.

27          WHEREFORE, Plaintiff requests relief as set forth below.

28   //

## PRAYER FOR RELIEF

## FIRST CAUSE OF ACTION – STATUTORY VIOLATIONS

1. General and compensatory damages according to proof;

2. Special and consequential damages according to proof;

3. Punitive and exemplary damages in an amount sufficient to deter such wrongful conduct and make an example of the Defendants;

4. For attorneys' fees, litigation expenses and costs pursuant to §1021.5 of the Code of Civil Procedure, §19953 Health & Safety Code;

5. For all costs of suit;

6. For pre-judgment interest pursuant to §3291 of the Civil Code;

7. That Defendants be preliminarily and permanently enjoined from operating and maintaining the BANK in violation of the Americans with Disabilities Act of 1990 or other regulations as are currently required by law;

8. Such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

## FULL AND EQUAL ACCESS PER §§54 AND 54.1 CIVIL CODE

1. General and compensatory damages according to proof;

2. All damages as afforded by Civil Code §54.3 for each day on which Defendants have denied to Plaintiff equal access for the disabled;

3. Attorneys' fees, litigation expenses and costs pursuant to §54.3 and §55 of the Civil Code, and §1021.5 Code of Civil Procedure;

4. Punitive damages pursuant to §3294 Civil Code;

5. For all costs of suit;

6. Pre-judgment interest pursuant to §3291 of the Civil Code;

7. That Defendants be enjoined from operating the BANK as a public accommodation and facility open to the public, so long as disabled persons are not provided full and equal access to the accommodations and facilities, as provided by §51, 54, 54.1, 55 et seq., of the Civil Code;

8. Such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION – ADA VIOLATIONS

1.      FOR INJUCTIVE RELIEF INCLUDING ORDERING Defendants "to alter the facilities to make such facilities readily accessible to and usable by individuals with Disabilities," per §308(a)(2) of Public Law 101-336, (42 USC §12188);

2.      For attorneys' fees, litigation expenses and costs of suit;

3.      For such other and further relief as the Court may deem proper.

### FOURTH CAUSE OF ACTION- UNFAIR BUSINESS PRACTICE
### Cal Bus. & Prof. Code Section 17200, et seq.

1. Plaintiff is entitled to an injunction restraining the Defendants from engaging in any act or omission, or failing to engage in any act or omission, the effect of which is to cause, directly or indirectly, discrimination by Defendants against person disabilities.

2. Plaintiff is also entitled to attorneys' fees and costs.

Dated: January ____, 2002

CHARLA R. DUKE
LAW OFFICES OF CHARLA R. DUKE
Attorney for Plaintiff
MONROE QUINN

QUINN V. COMERICA SAN JOSE                          15

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: January 23, 2002

CHARLA R. DUKE
LAW OFFICES OF CHARLA R. DUKE
Attorney for Plaintiff
MONROE QUINN